UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERICREST FINANCIAL, INC., a Delaware corporation, | Case No.: 1:10-cv-00046-LJO-GSA |
| Plaintiff, | IN ADMIRALTY |
| v. | ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF VESSEL |
| M/V 4 THE TWINS, U.S.C.G. Official No. 1087404, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*, MIKE A. NOBILE, an individual, *in personam* | F.R.C.P. Supplemental Admiralty Rules C and E. |
| | 46 U.S.C. Sections 30101-31343 |
| Defendant. | |

Plaintiff, VERICREST FINANCIAL, INC., (hereinafter "PLAINTIFF"), by and through its attorney, having appeared and made the following recitals:

1. On or about January 8, 2010, the Verified Complaint herein was filed praying the Defendant Vessel M/V 4 THE TWINS, U.S.C.G. Official No. 1087404 be condemned and sold to pay Plaintiff's demands and for other proper relief.

2. It is anticipated that, pursuant to Order of this Honorable Court, that the Clerk of the Court will issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for this District to arrest and take into custody the DEFENDANT VESSEL and to detain her in his custody until further order of this Court respecting same.

3. It is therefore contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

4. DEFENDANT VESSEL is currently located at Pine Flat Lake Marina, which is situated at 30801 E Sunnyslope Road, Piedra, California 93649. The docks at this marina are accessed through locked gates. Plaintiff has agreed to assume the responsibility for safekeeping the said DEFENDANT VESSEL where she lies or another suitable location at Plaintiff's marina, and to act as her custodian until further order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at a cost not to exceed prevailing rates of the port, as described with further particularity in the Declaration of Keith Brockman:

   a. Assume custody of the DEFENDANT VESSEL from the United States Marshal at the place of her arrest, and maintain and safely keep her until further Order of the Court;

   b. As soon as possible after assuming custody of the vessel, photograph and/or video tape the interior and exterior of the vessel, and prepare a written inventory of equipment and property on the vessel which is not installed as part of the vessel, with such services to be invoiced at $50.00 per hour, with the total not to exceed $200.00.

   c. Provide in-water storage services for the DEFENDANT VESSEL at the rate of $10.00 per foot of vessel length, per month (*i.e.*, 36 feet X $10 = $360/month), until further Order of the Court.

   d. Provide custodial services, at the rate of fifty cents ($.50) per foot of vessel length per day (*i.e.*, 36 feet X $.50 = $18/day), until further Order of the Court, including daily exterior inspections to confirm vessel security and safety, maintenance of insurance covering damage to the DEFENDANT VESSEL occasioned by the Substitute Custodian's negligence or other fault, assumption of responsibility and liability for the DEFENDANT

///

VESSEL during the pendency of the action, and providing limited security for the protection of the DEFENDANT VESSEL.

      e. Accompany, at the written request of PLAINTIFF, surveyors, brokers and/or prospective buyers of the DEFENDANT VESSEL while they inspect her, at a cost of $50.00 per hour, with a one hour minimum.

      f. Periodically as deemed prudent under the existing circumstances, but no less than weekly, at the rate of $50.00 per inspection, inspect the interior of the vessel to ensure she remains secure and to discovery any conditions that might adversely impact the DEFENDANT VESSEL's seaworthiness or her safety and/or security. If it is determined that further action is necessary beyond those detailed herein Plaintiff shall notify its counsel, so counsel can seek an appropriate order from the Court.

      g. Provide at usual and customary rates prevailing in the port additional services such as minor maintenance, as such services are deemed reasonably prudent and necessary to preserve and protect the DEFENDANT VESSEL.

      h. Machinery, including but not limited to the DEFENDANT VESSEL's power plants and generators, will be operated only as directed in a Court Order.

      i. Provide other such services as may be required from time-to-time, by further Order of the Court.

      5. The Substitute Custodian will not sell the DEFENDANT VESSEL, release her to anyone and/or let anyone aboard her in the absence of further Court Order, other than in the case of emergency, except that the Substitute Custodian shall be permitted, upon the advance written request of the PLAINTIFF, to permit surveyors, brokers and prospective buyers to inspect the DEFENDANT VESSEL, provided such person(s) remain in the company of an officer of employee of the Substitute Custodian at all times.

      6. Pine Flat Lake, Inc., by the Declaration Keith Brockman, avers that it has adequate facilities and supervision for the proper safekeeping of the DEFENDANT VESSEL and that it maintains current insurance policies which protect it against occurrences of negligence during its custodianship. Those policies include, among others, a Marine General Liability policy

1   with a $1 million per occurrence limit (without aggregate limit), underwritten by Navigator's
2   Insurance Company, and a bumbershoot (umbrella) policy in the amount of $5 million, also
3   underwritten by Navigator's Insurance Company.  Further, in said Declaration the Substitute
4   Custodian accepts, in accordance with the terms of the Order Appointing Substitute Custodian
5   and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, her
6   engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other necessaries
7   thereunto appertaining and belonging, which is the subject of the action herein.

8          7.   PLAINTIFF, in consideration of the U.S. Marshal's consent to the substitution of
9   custodian, agrees to release the United States and the Marshal from any and all liability and
10  responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines,
11  boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other necessaries thereunto
12  appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT
13  VESSEL over to said Substitute Custodian, and said PLAINTIFF further agrees to hold harmless
14  and indemnify the United States and the Marshal from any and all claims whatsoever arising out
15  of the Substitute Custodian's possession and safekeeping.  The Substitute Custodian accepts, in
16  accordance with the terms of the [Proposed] Order Appointing Substitute Custodian and
17  Authorizing Movement of the Vessel, possession and custody of the DEFENDANT VESSEL,
18  her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other necessaries
19  thereunto appertaining and belonging, which is the subject of the action herein.

20         **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the
21  Eastern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT
22  VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, etc., and all other
23  necessaries thereunto appertaining and belonging, pursuant to the Warrant for Arrest to surrender
24  the possession thereof to the Substitute Custodian named herein, and that upon such surrender
25  the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said
26  vessel and held harmless from and against any and all claims whatever arising out of said
27  substituted possession and safekeeping.
28  ///

**IT IS FURTHER ORDERED** that Pine Flat Lake Marina, Inc. be, and is hereby appointed, the Substitute Custodian of said DEFENDANT VESSEL, to retain her in its custody for possession and safekeeping, with the authority to disable her and move her within its marina located at 30801 E Sunnyslope Road, Piedra, California 93649, in accordance with the Declaration of Keith Brockman and the recitals herein contained, until further Order of this Court.

**IT IS FURTHER ORDERED** that PLAINTIFF's attorney will serve by mail a copy of this Order after its execution on the apparent owner of the DEFENDANT VESSEL, Defendant MIKE A. NOBILE.

IT IS SO ORDERED.

Dated: **January 19, 2010**     /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE